FILED
CLERK, U.S. DISTRICT COURT
MAR 21 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AA CALIFORNIA PORTFOLIO 1, LLC,<br><br>                    Plaintiff,<br><br>         vs.<br><br>EDGAR BORNE, JR.; AGATHA BORNE;<br>DOES 1-10,<br><br>                    Defendants. | CASE NO. CV 13-1759 UA (RZ)<br><br>ORDER SUMMARILY REMANDING<br>IMPROPERLY-REMOVED ACTION |

        The Court will remand this unlawful detainer action to state court because it was removed improperly.

        On March 12, 2013, one Edgar Borne III ("Defendant") lodged a Notice Of Removal of what appears to be a routine state-court unlawful detainer action. (As the caption above shows, he is not a *named* defendant. He may be one of the DOE defendants. The Notice explains that one of the two named defendants, Edgar Borne, Jr., is dead. The other named defendant, Agatha Borne, has filed a joinder in the removal notice.) He also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff AA California Portfolio 1, LLC could not have brought this action in federal court in the first place. Neither diversity jurisdiction nor federal-question jurisdiction exists, and therefore Defendant is not allowed to remove the action. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Defendant indicates on his Civil Cover Sheet and on page 12 of his Notice that diversity jurisdiction applies. Such is not borne out by the record, however, for two independent reasons. First, the parties are not diverse in citizenship. Defendant does not state what the Defendants' citizenship is, but even if the Court assumes they are California citizens, they fail to show (or even to assert) that Plaintiff is *not* a California citizen. For diversity-jurisdiction purposes, a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff's members' citizenship is not stated in the removal notice. On the contrary, Defendant describes Plaintiff, which describes itself as "a California Limited Liability Company" in the state-court case caption, as an "unknown entity." Ntc. at 4; Ex. A to Ntc. Second, even if diversity of citizenship existed, the amount in controversy in the removed action does not exceed the jurisdictional threshold of $75,000. Although Defendant insists otherwise, Plaintiff's unlawful-detainer complaint bears a caption indicating that the amount in controversy does not exceed $10,000. Finally, because Defendant resides in the forum state, Defendant cannot properly remove the action, at least to the extent diversity jurisdiction is asserted. 28 U.S.C. § 1441(b).

Nor does Plaintiff's unlawful detainer action raise any federal legal question. Although Defendant expressly relies on diversity jurisdiction, he also cites numerous federal laws that Plaintiff allegedly violated in connection with the unlawful detainer. But *Defendant's* contentions based on federal law are not relevant to removability. "For better or for worse . . . a defendant may not remove a case to federal court" based on a federal question "unless the *plaintiff's complaint* establishes that the case 'arises under' federal

1  law." *Franchise Tax Bd. v. Construction Laborers Etc.*, 463 U.S. 1, 10, 103 S.Ct. 2841,
2  77 L.Ed.2d 420 (1983) (emphasis in original).
3        Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
4  Superior Court of California, Los Angeles County, for lack of subject matter jurisdiction
5  pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to
6  the state court; and (3) that the Clerk serve copies of this Order on the parties.
7        IT IS SO ORDERED.
8        DATED: 3/19/13

                                        GEORGE H. KING
                              CHIEF UNITED STATES DISTRICT JUDGE